# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

TRAVIS PARKER,       )
#240822,       )
                    )    CIVIL ACTION NO. 9:14-4331-RMG-BM
      Petitioner,   )
                    )
v.               )    **REPORT AND RECOMMENDATION**
                    )
L. CARTLEDGE, WARDEN, )
                    )
      Respondent.  )
_____)

        Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on November 3, 2014.[1]

        The Respondent filed a return and motion for summary judgment on January 26, 2015. As the Petitioner is proceeding pro se, a Roseboro order was filed on January 27, 2015, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving extensions of time, Petitioner filed a response in opposition on May 14, 2015.

        This matter is now before the Court for disposition.[2]

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for
(continued...)



## Procedural History

Petitioner was indicted in Cherokee County in October 2007 for murder [Indictment No. 07-GS-11-1212]. (R.pp. 566-567). Petitioner was represented by Assistant Public Defender Thomas Shealy, and after a trial by jury on August 11-13, 2008, was convicted on the murder charge. (R.pp. 1-485). The trial judge sentenced Petitioner to life without parole. (R.p. 493).

Petitioner filed a timely direct appeal. Petitioner was represented on appeal by Joseph L. Savitz, III, of the South Carolina Office of Appellate Defense, who filed an Anders[3] brief seeking to be relieved as counsel and raising the following issue:

> The trial judge committed reversible error when he neglected to instruct the jury on the defense of alibi.

See Petition, p. 3 (Court Docket No. 19-5, p. 4).

Petitioner did not file a pro se brief. The South Carolina Court of Appeals denied Petitioner's direct appeal and granted his counsel's motion to be relieved as counsel on February 23, 2010. See Parker v. State, Appellate Case No. 2010-UP-144 (Order filed February 23, 2010); Court Docket No. 19-7. The Remittitur was sent down on March 12, 2010. See Court Docket No. 19-8.

On November 2, 2010, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Parker v. State of South Carolina, No. 2010-CP-11-860; raising the following issues:

------------------------------------

(...continued)
review by the Court.

[3]Anders v. California, 386 U.S. 738 (1967). Anders requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744.



2

Ineffective Assistance of Counsel

a.    Counsel failed to present any witnesses on my behalf.

b.    Counsel failed to prepare case for trial; and

c.    Counsel failed to raise crucial objections during the trial.

(R.p. 497).

Petitioner was represented in his APCR by Ernest Hamilton, Esquire, and an evidentiary hearing was

held on Petitioner's application on September 4, 2012. (R.pp. 506-557). In an order filed December

17, 2012 (dated December 7, 2012), the PCR judge denied relief on the APCR in its entirety. (R.pp.

558-565).

Petitioner then filed a timely appeal of the PCR court's order. Petitioner was

represented on appeal by David Alexander, Esquire, of the South Carolina Office of Appellate

Defense, who raised the following issue:

> Whether trial counsel rendered ineffective assistance in derogation of Petitioner's
> Sixth Amendment right to counsel and Sixth Amendment right to confront the
> witnesses against him by failing to properly object to and preserve for appeal the
> inadmissibility of testimonial hearsay statements by the decedent ["Maraine Foote"]
> allegedly identifying Petitioner as his murderer where these statements were tainted
> by police suggestion?

See Petition, p. 2 (Court Docket No. 19-10, p. 3).

On September 24, 2014, the South Carolina Supreme Court denied Petitioner's writ of certiorari. See

Court Docket No. 19-12. The Remittitur was sent down on October 10, 2014. See Court Docket No.

19-13.

In his Petition for writ of habeas corpus filed in this United States District Court,

Petitioner raises the following issues:

**Ground One:** Ineffective Assistance of Trial Counsel where Trial Counsel failed to



3

object to the admission of Foote's statements.

**Supporting Facts:** I was prejudiced by the admission of Foote's statements. The State will likely point to the testimony of Jarvis [Thompson] and Nicole [Thompson] and claim that any error is harmless, but as pointed out, these witnesses were far from unimpeachable, and Haney's testimony not only corroborated Parker's [Petitioner] but showed that Nicole and Jarvis told an identical lie about a key portion of their testimony.

**Ground Two:** Ineffective assistance of Appellate Counsel for failing to argue Petitioner's Sixth Amendment right to confront his accuser.

**Supporting Facts:** Appellate counsel was ineffective for filing an Anders brief. When there was supportive facts that petitioner was denied due process and the right to confront his accusers hearsay testimony.

**Ground Three:** Trial counsel was ineffective for failing to object to the police officer given Petitioner's name to the victim from a prior incident.

**Supporting Facts:** The victim only knew the Petitioner by the name "Dick" he did not know the Petitioner by the name "Travis" until the police officer suggested the name "Travis" as a criminal whom they were pursuing. Counsel's failure in objecting to this omission prejudiced the Petitioner, and rendered the trial fundamentally unfair, and denied the Petitioner due process to effective assistance of counsel.

**Ground Four:** Trial counsel was ineffective for failing to object to hearsay statements.

**Supporting Facts:** Trial counsel performed deficiently in two ways. First he failed to preserve the issue of whether Foote's alleged hearsay statements were tainted by the police for appellate review. Second, Trial Counsel failed to raise any objection based on the Confrontation Clause. U.S. Const. Amend. VI. Had Trial Counsel properly raised and preserved the objections, which would have required suppression of Foote's alleged statements.

**Ground Five:** Denial of Due Process and Fundamental Fairness.

**Supporting Facts:** Parker was prejudiced because Foote's alleged statements were tainted by police suggestion, had Petitioner been able to raise the issue of the suppression of Foote's alleged statements on appeal, his conviction would be reversed. The police's suggestion of the name "Travis" was impermissible and required suppression of the statements regardless of any exceptions to the hearsay rule. Petitioner was denied equal protection of the law and due process.



4

**Ground Six:** Post-conviction relief counsel was ineffective for failing to raise the Applicant's Right to Confrontation.

**Supporting Facts:** The Confrontation Clause should be considered as part of the totality of the circumstances. The Petitioner's Sixth Amendment Right to Confront Foote as a witness was violated by the admission of Foote's statements. U.S. Const. Amend. VI. The PCR court failed to consider the impact of the Confrontation Clause because it stopped its analysis after finding that Trial Counsel performed adequately by raising the admissibility of Foote's statements in a pretrial motion.

Stopping its analysis at the point was error by the PCR court. Appellate Counsel candidly admits that PCR counsel did not assist his client in raising the Confrontation Clause, but since the Sixth Amendment analysis is inextricably intertwined with the taint flowing from the police interrogation and Parker himself raised the issue that his attorney failed to object to this evidence, the court must consider its impact on this case. Thus, this issue fits right along with the decision in the U.S. Supreme Court opinion pursuant to, <u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (2012); accordingly, Petitioner is entitled to a hearing.

<u>See</u> <u>Petition</u>, pp. 5-10 & Attachment.

## <u>Discussion</u>

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).



5

## I.

### (Ineffective Assistance of Counsel Claims)

Petitioner argues that his trial counsel was ineffective for failure to object to the admission of Foote's statements (Ground One), for failing to object to the police officer giving Petitioner's name to Foote from a prior incident (Ground Three), and for failing to object to hearsay statements (Ground Four). Petitioner also contends that his direct appeal counsel was ineffective for failing to argue Petitioner's Sixth Amendment right to confront his accuser (Ground Two), and that his PCR counsel was ineffective for failing to raise Petitioner's right to confrontation (Ground Six).

### a.

### (Ground One and Part One of Ground Four[4])

Petitioner raised Ground One and the first part of Ground Four (dealing with whether his trial counsel was ineffective for failing to preserve whether Foote's statements were tainted by the police) in his APCR, where Petitioner had the burden of proving the allegations in his petition. Counsel also raised these same claims in the PCR appeal to the State Supreme Court. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986); see also Court Docket No. 19-10, p. 5. Therefore, these claims are properly exhausted for purposes of federal habeas review.

The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C. Code Ann. § 17-27-80 (1976), as amended. See Parker v. State of South Carolina, No. 2010-CP-11-860. Specifically, the PCR judge found with regard to the issues raised in this petition or related to those issues that: 1) with regard to Petitioner's allegation that trial

---

[4]Since the second part of Ground Four is procedurally barred, it is discussed separately. See discussion, infra.



counsel failed to properly prepare the case for trial, Petitioner failed to meet his burden; 2) Petitioner

acknowledged that counsel raised and argued various pre-trial motions on his behalf; 3) following

testimony and review of the transcript, it is clear that counsel had adequately prepared for Petitioner's

trial; 4) the Petitioner failed to point to any specific matters counsel failed to discover, or any defenses

that could have been pursued had counsel been more fully prepared; 5) furthermore, the Petitioner

failed to show any prejudice that may have resulted from counsel's alleged inadequate preparation;

6) counsel called numerous witnesses on the Petitioner's behalf in an attempt to develop the defense

and provide reasonable doubt; 7) Petitioner's allegations that counsel failed to properly object to

various things during trial is without merit; 8) Petitioner testified that counsel only made two or three

objections during the entire trial; 9) Petitioner testified that counsel should have objected to the

victim's statements indicating that Petitioner was the one who shot him;10) however, after

questioning, Petitioner acknowledged that counsel made several pre-trial motions, including a Batson

motion and a motion to keep out the victim's identification; 11) Petitioner failed to establish that

there were any particular items of testimony or evidence that counsel should have objected to, but

failed to do; 12) Petitioner failed to establish that had counsel made any additional objections or even

a motion to change venue that those objections or motions would have been granted by the trial court;

13) Petitioner failed to show that the outcome of his trial would have been different had counsel made

additional motions or objections; 14) Petitioner's testimony was not credible; 15) counsel adequately

conferred with the Petitioner, conducted a proper investigation, and was thoroughly competent in his

representation; 16) counsel's conduct did not fall below the objective standard of reasonableness; 17)

Petitioner failed to present specific and compelling evidence that counsel committed errors or

omissions in his representation of the Petitioner; and 18) Petitioner did establish any constitutional



violations or deprivations that would require the PCR court to grant his application. See Court Docket No. 19-3, pp. 62-66. Thereafter, the South Carolina Supreme Court denied Petitioner's PCR appeal wherein his counsel presented the issue of ineffective assistance in derogation of Petitioner's Sixth Amendment right to counsel and Sixth Amendment right to confront witnesses against him by failing to properly object to and preserve for appeal the inadmissibility of testimonial hearsay statements by the decedent allegedly identifying Petitioner as his murderer where these statements were tainted by police suggestion. See Parker v. State, Appellate Case No. 2013-00031 (Order filed September 24, 2014); Court Docket No. 19-12.

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d 1092, 1100 (4th



8

Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, with regard to the ineffective assistance of counsel claims that were adjudicated on the merits by the South Carolina state courts, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000).  See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.1996).  For the reasons set forth and discussed



hereinbelow, Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard. <u>Smith v. North Carolina</u>, 528 F.2d 807, 809 (4th Cir. 1975)[Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

   In Ground One, Petitioner contends that his counsel was ineffective for failing to object to statements made by Foote. However, Petitioner's trial counsel made a motion in limine to exclude Foote's statement identifying the Petitioner as the murderer, based on three different arguments: 1) that Petitioner's name had been suggested to Foote by the police, thereby tainting the evidence; 2) that the statements at issue were not a dying declaration; and 3) that the prejudicial value outweighed the probative value under Rule 402, SCRE. (R.pp. 51-54). In the first part of Ground Four, Petitioner contends that his counsel was ineffective for failing to object to Foote's statement being tainted by the police, even though again it is undisputed in the record that Petitioner's counsel made a motion in limine with regard to this testimony. (R.pp. 51-81).

   A pre-trial hearing was held on counsel's motions, where the police officer on the scene, two paramedics who responded to the scene, and a bystander all testified that Foote identified the Petitioner as the shooter, while the defense presented Foote's widow as a witness. (R.pp. 55-76). The State argued that the dying declaration and excited utterance exception applied to Foote's statements both at the scene and in the ambulance, and after hearing argument from counsel the trial court denied Petitioner's motion and allowed Foote's statements to come in. (R.p. 80). Accordingly, to the extent Petitioner is arguing that his counsel was ineffective for failing to raise this issue to the trial court, this claim is without merit, as Petitioner's counsel clearly raised these issues in his motion in limine. (R.pp. 51-78, 80).

   Although not addressed by the Respondent, it appears that Petitioner may also be



10

asserting that his trial counsel was ineffective for failing to make a contemporaneous objection when

the evidence was offered at trial.  The law with respect to this question can be complicated, as

> [a] ruling in limine is not final; unless an objection is made at the time the evidence
> is offered and a final ruling procured, the issue is not preserved for review.  See State
> v. Wannamaker, 552 S.E.2d 284, 286 (2001).  An exception to this rule is when the
> motion in limine is made "immediately prior to the introduction of the evidence in
> question."  State v. Forrester, 541 S.E.2d 837, 840 (2001). The South Carolina
> Supreme Court expanded this exception in State v. Wiles, holding that even when the
> evidence does not immediately follow the motion in limine, if the trial court clearly
> indicates its ruling is final, rather than preliminary, the issue is preserved for appellate
> review.  State v. Wiles, 679 S.E.2d 172, 175 (2009).  In Wiles, the trial court had
> commented to the jury about the evidence that was the subject of the motion in limine
> before any evidence was admitted.  Id.

See State v. Atieh, 725 S.E.2d 730, 733 (S.C.Ct.App. 2012).

Neither party has argued whether the trial court did or did not "clearly indicate" that its ruling was

final in order to preserve the issue for appellate review.  In any event, even if this Court were to

conclude for purposes of summary judgment that the trial court's rulings were *not* clearly indicated

as final, Petitioner has not shown that he is entitled to relief on these issues.[5]

  First, there is no indication in the record or evidence that the trial court would not have

ruled the same way if additional contemporaneous objections had been made.  The evidence

presented at trial does not contain any evidence substantially different from what was presented at

pretrial such as would indicate the likelihood of a different ruling on these issues.  Further, even

assuming these claims were procedurally barred from appellate review because no contemporaneous

objection was made, the only way for Petitioner to show the necessary prejudice for his ineffective

---

[5]Conversely, assuming arguendo that the trial court's ruling *was* clearly indicated as final,
Petitioner's issues in Ground One and the first part of Ground Four would be without merit since
these issues would have been preserved for appellate review, and therefore there would be no basis
for an ineffective assistance of counsel claim.



assistance of counsel claim is for him to show that the evidence should not have been admitted and that the outcome of his trial would have been different if it had not been admitted. Petitioner has failed to make any such showing. The state PCR court did not make a finding that the issue was not properly preserved; it simply ruled that counsel made a pretrial motion and that there was no showing that counsel was ineffective for failing to make any additional objections. Petitioner also raised this issue in his PCR appeal, and the South Carolina Supreme Court denied the petition on the issue presented, again without making a specific finding as to whether the claim itself had not been properly reserved for review.

Petitioner has failed to present any evidence or argument sufficient to show that the state court's rejection of this claim amounts to a federal violation or resulted in prejudice so as to warrant federal habeas relief. , 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to clearly established federal law or based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra; 28 U.S. C. § 2254(e)(1)[Determination of factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].[6]  Therefore, Petitioner has not shown the necessary prejudice to

---

[6]Even if the issue before the Court was not the effectiveness of counsel, but was instead the merits of the trial Court's ruling itself, Petitioner would still not be entitled to relief. Admissibility rulings will support the grant of federal habeas relief only when the alleged error infringes on a specific constitutional right or is so prejudicial that it amounts to a denial of due process. Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir.), cert. denied, 488 U.S. 928 (1988). Therefore, the only issue before this federal court would be whether the admission resulted in a trial so fundamentally unfair as to deny the Petitioner due process of law; not whether the trial court erred in admitting this evidence. Rainer v. Dep't of Corrections, 914 F.2d 1067, 1072 (8th Cir. 1990), cert. denied, 489 U.S. 1099 (1991).  Petitioner has established no such violation in the record of this case. See, discussion, infra.

establish ineffective assistance of counsel and Ground One and the first part of Ground Four are without merit and should be dismissed.

### b.

### (Ground Two, Ground Three, and Second Part of Ground Four)

In Ground Two, Petitioner contends that his appellate counsel was ineffective for filing an Anders brief and not arguing that he was denied his right to confront his accuser. With respect to Petitioner's Grounds Three and the second part of Ground Four, Petitioner asserts ineffective assistance of trial counsel due to counsel's failure to object to the police officer giving Petitioner's name to Foote from a prior incident, and counsel's failure to preserve whether Foote's statements to the police violated the Confrontation Clause.

It is readily apparent that these issues were not previously properly raised and exhausted by Petitioner in his state court proceedings. Petitioner failed to raise Grounds Two, Three, and the second part of Ground Four in his PCR petition, and the PCR court's order did not address these issues.[7] Further, although Petitioner did apparently attempt to raise the issue regarding the

_____

[7]To the extent that Petitioner is asserting that Foote's identification of him was tainted by the dispatcher calling his name, that issue was raised in his PCR and PCR appeal and was asserted by Petitioner in Ground One of this Petition. See, discussion, supra. Therefore, granting Petitioner every consideration in light of his pro se status, the undersigned has assumed for purposes of summary judgment that Petitioner is attempting to raise a different issue in this Ground which would relate to the officer being allowed to testify about what was said over the dispatch and possibly prejudicing Petitioner because it allowed the jury to hear that police were possibly looking for him for some other reason. See discussion, infra. This specific claim was not raised as an issue in Petitioner's APCR. See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default [of a claim], the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).

Confrontation Clause in his PCR appeal, that issue had not been preserved in his PCR proceedings and/or ruled on by the PCR court. Accordingly, none of these issues were properly preserved for review by this Court in Petitioner's state court proceedings. See White v. Burtt, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing Pruitt v. State, 423 S.E.2d 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); cf. Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25, 2009)[Finding that where Petitioner attempted to raise an issue in his PCR appeal, the issue was procedurally barred where the PCR court had not ruled on the issue and Petitioner had not filed a motion to alter or amend requesting a ruling in regard to the issue]; Miller v. Padula, No. 07-3149, 2008 WL 1826495 at **1-2 & **9-10 (D.S.C. Apr. 23, 2008); Sullivan v. Padula, No. 11-2045, 2013 WL 876689 at * 6 (D.S.C. Mar. 8, 2013)[Argument not raised in PCR appeal is procedurally barred]; see also Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n.3 (1971)[Discussing lower court's finding that failure to appeal denial of his state post-conviction petition constituted non-exhaustion of remedies]; Wicker v. State, 425 S.E.2d 25, 26 (S.C. 1992); cf. State v. Dunbar, 587 S.E.2d at 693-694 ["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."].

Since Petitioner did not properly pursue these claims in his state court proceedings, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they



are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though otherwise exhausted, because these issues were not *properly* pursued and exhausted by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

In an apparent attempt to establish cause for his default, Petitioner argues in his memorandum in opposition that, to the extent these claims are procedurally defaulted, he should still be allowed to



15

pursue them because any default is due to ineffective assistance of his PCR counsel and/or appellate counsel. However, Petitioner has failed to establish entitlement to relief based on this argument.

The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)["[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"]; Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). Even so, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation; Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996); and ineffective assistance of *PCR counsel* (as opposed to trial or direct appeal counsel) does not amount to an independent constitutional violation, and ordinarily would not therefore constitute "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371



(10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-

14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

However, in Martinez the Supreme Court carved out a "narrow exception" that

modified

> "the unqualified statement in Coleman that an attorney's ignorance or inadvertence
> in a postconviction proceeding does not qualify as cause to excuse a procedural
> default." Martinez, 566 U.S. at __, 132 S.Ct. at 1315. [F]or three reasons. First, the
> "right to the effective assistance of counsel at trial is a bedrock principle in our justice
> system . . . . Indeed, the right to counsel is the foundation for our adversary system."
> Id. at ___, 132 S.Ct. at 1317.
>
> Second, ineffective assistance of counsel on *direct appellate review* could amount to
> "cause", excusing a defendant's failure to raise (and thus procedurally defaulting) a
> constitutional claim. Id. at ___, 132 S.Ct. at 1316, 1317. But States often have good
> reasons for initially reviewing claims of ineffective assistance of trial counsel during
> state collateral proceedings rather than on direct appellate review. Id. at ___, 132
> S.Ct. at 1317-1318. That is because review of such a claim normally requires a
> different attorney, because it often "depend[s] on evidence outside the trial record,"
> and because efforts to expand the record on direct appeal may run afoul of
> "[a]bbreviated deadlines," depriving the new attorney of "adequate time . . . to
> investigate the ineffective-assistance claim." Id. at ___, 132 S.Ct. at 1318.
>
> Third, where the State consequently channels initial review of this constitutional claim
> to collateral proceedings, a lawyer's failure to raise an ineffective assistance of
> counsel claim during initial-review collateral proceedings, could (were Coleman read
> broadly) deprive a defendant of any review of that claim at all. Martinez, supr a at
> ___, 132 S.Ct. at 1316.
>
> We consequently read Coleman as containing an exception, allowing a federal habeas
> court to find "cause," thereby excusing a defendant's procedural default, where (1) the
> claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the
> "cause" consisted of there being "no counsel" or only "ineffective" counsel during
> the state collateral review proceeding; (3) the state collateral review proceeding was the
> "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel
> claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel
> [claim] . . . be raised in an initial-review collateral proceeding." Martinez, supra at
> ___, 132 S.Ct. at 1318-1319, 1320-1321.

Trevino v. Thaler, 133 S.Ct. 1911, 1917-1918 (2013); see also Gray v. Pearson, 526 Fed. Appx. 331,



17

333 (4th Cir. June 7, 2013)["The Supreme Court had previously held in <u>Coleman</u> that because a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, the ineffectiveness of post-conviction counsel *cannot* establish 'cause' to excuse a procedural default. <u>Coleman</u>, 501 U.S. at 757. The Court established an exception to that rule in <u>Martinez</u>."] Therefore, because, under South Carolina law, a claim of ineffective assistance of trial counsel is raised in an APCR; <u>cf</u>. <u>State v. Felder</u>, 351 S.E.2d 852 (S.C. 1986); <u>Bryant v. Reynolds</u>, No. 12-1731, 2013 WL 4511242, at * 19 (D.S.C. Aug. 23, 2013); <u>Gray</u>, 2013 WL 2451083, at * 4, fn *; Petitioner's claim of ineffective assistance of PCR counsel as "cause"for his default has been considered hereinbelow under the revised standard of <u>Martinez</u> and <u>Trevino</u> with regard to Grounds Three, and the first part of Ground Four.[8]

Under the first requirement of the <u>Martinez</u> exception, the Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." <u>Gray</u>, 2013 WL 2451083 at * 2. Therefore, Petitioner must show that there is a reasonable probability that he would have received relief on his claims of ineffective assistance of trial counsel in his APCR if they had been raised. Secondly, Petitioner must then show that his PCR counsel's representation was objectively unreasonable during his post-conviction proceeding for not raising these claims. <u>Ford v. McCall</u>, No. 12-2266, 2013 WL 4434389 at *11 (D.S.C. Aug. 14, 2013)(citing <u>Horonzy v. Smith</u>, No. 11-234, 2013 WL 3776372 at * 6 (D.Idaho Sept. 12, 2012)["The application of the <u>Strickland</u>

---

[8]These Grounds both relate to the alleged ineffectiveness of trial counsel, and are therefore covered by the <u>Martinez</u> exception. Ground Two, which relates to alleged ineffectiveness of direct appeal counsel, is considered under a different standard and is therefore discussed separately, <u>infra</u>.

test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. This standard is a high one."].

For the reasons set forth hereinbelow, Petitioner has failed to show entitlement to relief on any of these ineffective assistance claims.

### (Ground Two)

In Ground Two, Petitioner contends that his appellate counsel was ineffective for failing to argue Petitioner's Sixth Amendment right to confront his accuser. Petitioner contends that his appellate counsel erred by filing an <u>Anders</u> brief when there were facts to support a claim that he was denied due process and the right to confront his accuser's hearsay testimony. This claim was not presented as an ineffective assistance claim in Petitioner's APCR, and is therefore defaulted under <u>Coleman</u>.

While <u>Martinez</u> carved out an exception to defaulted ineffective of *trial* counsel claims, numerous courts have addressed the issue of whether the <u>Martinez</u> exception applies to ineffective assistance of appellate counsel and found that it does not. <u>Reed v. Stephens</u>, 739 F.3d 753, 778 n. 16 (5th Cir. 2014)[court declined to consider ineffective assistance of appellate counsel under <u>Martinez</u>]; <u>Hodges v. Colson</u>, 727 F.3d 517, 531 (6th Cir. 2013)[PCR counsel cannot supply cause under <u>Martinez</u> for procedural default of ineffective assistance of appellate counsel claim]; <u>Banks v. Workman</u>, 692 F.3d 1133, 1148 (10th Cir. 2012); <u>Brown v. Warden of Perry Correctional Institution</u>, No. 12-2988, 2014 WL 4793707 at * 5 (D.S.C. Sept. 25, 2014)[court declined to consider ineffective assistance of appellate counsel under <u>Martinez</u>]; cf. <u>Gore v. Crews</u>, 720 F.3d 811, 815-816



19

(11th Cir. 2013)[Not applying Martinez in circumstances not involving ineffective assistance of trial counsel]. But see H Van Nguyen v. Curry, 736 F.3d 1287, 1289 (9th Cir. 2013)[applying Martinez to ineffective assistance of appellate counsel claim]. Although this issue has not yet been addressed by the Fourth Circuit Court of Appeals, under the greater weight of this case authority, Petitioner's claim of ineffective assistance of appellate counsel would be analyzed under the traditional Coleman v. Thompson analysis to determine if there was the necessary cause and prejudice shown, and since Petitioner did not raise this claim in his APCR, it is defaulted under Coleman.

However, even assuming arguendo that a claim of ineffective assistance of appellate counsel can be raised under Martinez, Petitioner's claim would fail in any event, because he cannot show the necessary prejudice. First, since Petitioner's appellate counsel filed an Anders brief, any claims Petitioner had would have been considered on appeal if they had been properly preserved at trial. However, Petitioner has failed to present any evidence to show that the underlying issue raised in Ground Two of this Petition was preserved at the trial level.[9] Therefore, as this claim could not have been considered in Petitioner's direct appeal, since it was not preserved at trial, appellate counsel was not ineffective for failing to raise it on appeal. See State v. Sullivan, 282 S.E.2d 838, 844 (S.C. 1981)[objection or motion must be raised to trial judge in order to preserve issue for appellate review]; Wilder Corp. v. Wilke, 497 S.E.2d 731, 733 (S.C. 1998)["It is axiomatic that an issue cannot be raised for the first time on appeal, but it must have been raised to and ruled upon by the trial judge to be preserved for appellate review."]

Furthermore, even assuming arguendo that the issue had been preserved and therefore

---

[9]While trial counsel raised other grounds for excluding Foote's statements identifying the Petitioner, Petitioner admits that trial counsel did not assert any argument concerning the exclusion of Foote's statements identifying him based on Petitioner's right to confrontation.



could have been reviewed on appeal, Petitioner's claim fails. <u>Anders</u> requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. <u>See Anders</u>, 386 U.S. at 744. Therefore, the reviewing court would have conducted an independent and complete examination of the proceedings. The reviewing court did not indicate after the review that any additional issues had merit. <u>See Parker v. State</u>, Appellate Case No. 2010-UP-144 (Order filed February 23, 2010); Court Docket No. 19-7.

Accordingly, Petitioner has failed to show that his appellate counsel was ineffective on this basis, and therefore, Petitioner has failed to show cause and/or prejudice for his procedural default on this issue even if considered under <u>Martinez</u>. As such, Ground Two of the Petition is procedurally barred from consideration by this Court.

### (Ground Three)

In Ground Three, Petitioner contends that his trial counsel was ineffective due to counsel's failure to object to the police officer giving Petitioner's name to Foote from a prior incident. At trial, Police Officer Kenneth Taylor testified that he had responded to the call regarding Foote's shooting; (R.pp. 203-204); and about giving information to the dispatcher:

<u>Question</u>:    Could [Victim] hear the conversation you were having over your radio?

<u>Answer</u>:    Yes, sir.

<u>Question</u>:    What came back over the radio or did you have any-was there any conversation that he overheard?



| | |
|---|---|
| Answer: | Yes, sir. |
| Question: | What? |
| Answer: | Dispatcher come back and say could it possibly be a Travis Parker, they was chasing him around yes - oh. |
| Question: | So, he came back and said it could be Travis? |
| Answer: | The female dispatcher. . . . |
| Question: | Did Mr. Foote respond to that? |
| Answer: | Said yes, that's him. |

(R.pp. 205-206).

Although Petitioner faults trial counsel for not objecting to this testimony, Respondent contends that Plaintiff has not pointed out why Taylor's statement was inadmissible. See Hough v. Anderson, 272 F.3d 878, 898 (7th Cir. 2001)["An ineffective assistance claim based on a failure to object is tied to the admissibility of the underlying evidence. If evidence admitted without objection was admissible, then the complained of action fails both prongs of the Strickland test . . . ."]. See also, discussion relating to Part Two of Ground Four, infra. Respondent contends that Taylor's statement did not reference what they were chasing Petitioner around for, nor did it necessarily imply that Petitioner was wanted for another crime.

However, even assuming arguendo for purposes of summary judgment that counsel should have objected to the statement about "chasing" Petitioner around, Petitioner has not shown the necessary prejudice, as there was overwhelming evidence of Petitioner's guilt in this case. Two witnesses, Nicole Thompson and Jarvis Thompson, both testified that they were in the car with Petitioner when he shot Foote. (R.pp. 109-116, 154-168). Nicole Thompson testified that after Petitioner shot Foote, that he had her drop him off near the Open Air Trailer Park. (R.pp. 109-113).

22

She testified that as soon as she dropped him and the other passenger off, she immediately went to the Blacksburg Police Station to report the shooting. (R.pp. 114-116). In addition, various witnesses testified that Foote identified Petitioner to them as the shooter. Hence, in light of the overwhelming evidence of Petitioner's guilt, he has failed to show that he was prejudiced by his counsel's performance, even assuming that an objection to the cited testimony should have been made. See Stahl v. Ozmint, No. 05-1731, 2007 WL 2964662 at * 9 (D.S.C. Oct. 5, 2007)["Given the overwhelming evidence of guilt . . . [petitioner] has not shown that the outcome of the trial would have been different had an objection been raised and a curative instruction given to the jury."]; Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

Therefore, Petitioner has failed to show that his trial counsel was ineffective on this basis, and by failing to show any substantial ineffective assistance of counsel claim, Petitioner has failed to show cause for his procedural default on this issue. Trevino, 133 S.Ct. at 1917-1918. As such, Ground Three of the Petition is procedurally barred from consideration by this Court.

**(Part Two of Ground Four)**

In part two of Ground Four, Petitioner contends his trial counsel was ineffective for failing to object to Foote's statements under the Confrontation Clause. The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."

It is true that the introduction of testimonial hearsay by a witness not testifying at trial may amount to a denial of a Defendant's right to confront a witness. See Crawford v. Washington, 541 U.S. 36, 68-69 (2004). While some courts have examined whether there are special exceptions



23

to the admission of testimonial hearsay and found that a dying declaration is such an exception; Calhoun v. Keller, No. 10-2168, 2011 WL 6257060 (E.D.N.C. Dec. 14, 2011)[discussing and agreeing with courts which have found the dying declaration an exception to the Confrontation Clause]; Respondent argues that the statements at issue here were not "testimonial", which makes it unnecessary to even reach the issue of whether the testimony was proper under any special exception. In support of this argument, Respondent points to the Supreme Court's ruling in Michigan v. Bryant, ___ U.S. ___, 131 S.Ct. 1143 (2011), where a gunshot victim's statement to the police was ruled to be non-testimonial.

In Bryant, the victim's statement was made to an officer arriving on the scene after "a nondomestic dispute, involving a victim found in a public location, suffering from a fatal gunshot wound, and a perpetrator whose location was unknown at the time the police located the victim." Bryant, 131 S.Ct. 1156. In determining that the victim's statement was not testimonial, but was made to enable the officer to meet an ongoing emergency, the Court examined the circumstances in which the interrogation occurred, noting that when the police were questioning the victim, they did not know, and the victim did not tell them, if the threat was limited to the victim. These facts are similar to the case at Bar, as when Officer Taylor arrived, he knew that there had been a shooting, but did not know the circumstances surrounding it, who the perpetrator was, or "if the shooter was still on the scene." (R.pp. 203-207).

The Court in Bryant then looked at the statement by the victim and the questions asked by the police. The Court found that "[t]he questions [the police] asked - what had happened, who had shot him, and where the shooting had occurred, were the exact type of questions necessary to allow the police to assess the situation, the threat to their own safety, and the possible danger to the

24

potential victim and to the public . . . ." Id. at 1166 (internal citations and quotations omitted). The Court also considered the informality of the situation, which in Bryant was "fluid and somewhat confused," and concluded that "[t]he informality suggest[ed] that the interrogators' primary purpose was simply to address what they perceived to be an ongoing emergency, and the circumstances lacked any formality that would have alerted [the victim] to or focused him on the possible future prosecutorial use of his statements." Id. at 1166. The victim's answers to the police in Bryant were punctuated with questions about when emergency medical services would arrive. He was obviously in considerable pain and had difficulty breathing and talking. Id. at 1165. Based on its analysis, the Court concluded that the victim's statements in Bryant were not testimonial hearsay. Id. at 1167.

        This analysis also applies in Petitioner's case. Taylor testified that when he arrived on the scene, he saw the victim fall on the ground in the yard and figured that he was the shooting victim. Taylor testified that there had been a "shooting call" and that he didn't know if the shooter was still on the scene. Taylor also testified that there were approximately five to seven other males present. (R.p. 204). Taylor was asking who shot him and Foote told him "Parker". Taylor asked, "where he's at?", and the victim responded, "Parker from Blacksburg." (R.p. 205). Taylor did not know if the shooter was still present, and this situation all transpired within a few minutes during which Taylor was assessing whether there was any danger still present to potentially the victim, Taylor or others. Based upon these facts and the circumstances surrounding Foote's statements to Taylor, Petitioner has not shown that these statements were testimonial such that any objection to the testimony would have been upheld. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

        Furthermore, even assuming arguendo for purposes of summary judgment that Foote's

statements to Taylor, or perhaps to others (although it is not clear that Petitioner has intended to challenge any other witness testimony), should not have been admitted, "[a] violation of the Confrontation Clause is not *per se* reversible but is subject to a harmless error analysis." State v. Gracely, 731 S.E.2d 880, 886 (S.C. 2012)(citing Delaware v. Van Arsdall, 475 U.S. 813, 822 (2006)).

> Whether such an error is harmless in a particular case depends upon a host of factors . . . . The factors include the importance of the witness's testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

Id. (quoting Van Arsdall, 475 U.S. at 684).

In this case, as previously discussed, the two individuals who had been in the car with the Petitioner at the time of the shooting also identified him as the shooter and testified at trial that he was the shooter; (R.pp. 109-116, 154-168); and in light of the overwhelming evidence of Petitioner's guilt, even assuming arguendo that counsel should have objected based on the Confrontation Clause, any such error was harmless. Gracely, 731 S.E.2d at 886 (citing Delaware v. Van Arsdall, 475 U.S. at 822); see Stahl, 2007 WL 2964662 at * 9 ["Given the overwhelming evidence of guilt . . . [petitioner] has not shown that the outcome of the trial would have been different had an objection been raised and a curative instruction given to the jury."]. Accordingly, Petitioner has failed to show the necessary prejudice. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

Petitioner has therefore failed to show that his counsel was ineffective or any resulting prejudice, and by failing to show any substantial ineffective assistance of counsel claim, Petitioner has failed to show cause for his procedural default on this issue. Trevino, 133 S.Ct. at 1917-1918. Accordingly, part two of Ground Four is also procedurally barred from consideration by this Court.

**(Actual Innocence)**

Finally, to the extent Petitioner is attempting to overcome the procedural bar for these claims by arguing that he is actually innocent, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges on which he was found guilty. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if any of his defaulted claims are not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, Ground Two, Ground Three, and part two of Ground Four are procedurally barred from consideration by this Court, and must be dismissed.



**c.**

**(Ground Six)**

In Petitioner's remaining ineffective assistance of counsel claim (Ground Six), Petitioner contends that his PCR counsel was ineffective for failing to argue that admission of Foote's statements violated Petitioner's Confrontation Clause rights. However, this allegation concerns alleged infirmities in Petitioner's state PCR proceeding, and as such is not a basis for federal habeas relief.

While the conduct of PCR counsel can constitute "cause" for a default of another claim under certain circumstances, it is not itself an independent claim. See also 28 U.S.C. § 2254(i)["The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."]; Martinez, 132 S.Ct. at 1320 [acknowledging that § 2254(I) precludes [a habeas petition] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief'"](quoting Holland v. Florida, 130 S.Ct. 2549, 2563 (2010)); Auls v. Cohen, No. 11-2930, 2013 WL 496239 at *3 (D.S.C. Feb. 6, 2013)[finding allegation "PCR counsel was ineffective . . . is not a proper basis for a § 2254 petition," citing 28 U.S.C. § 2254(I)].

Accordingly, Petitioner has not shown a basis for entitlement to federal habeas relief based on this issue.

**II.**

**(Due Process/Fundamental Fairness Claim)**

In Ground Five, Petitioner contends that he was denied his due process rights and subjected to fundamental unfairness by the admission of the victim's statements. This claim



specifically relates to Foote's statements allegedly being tainted by police suggestion, and by Petitioner allegedly being denied his Sixth Amendment right to confront his accuser.

Although these issues have already been separately addressed herein, _supra_, as ineffective assistance of counsel claims, this claim as presented is a direct appeal issue. As previously discussed, Petitioner's appellate counsel filed an _Anders_ brief, such that any issues preserved at trial would have been reviewed by the reviewing court. See Ground Two discussion, _supra_. See _Anders_, 386 U.S. at 744. The reviewing court did not indicate after review that any additional issues had merit. See _Parker v. State_, Appellate Case No. 2010-UP-144 (Order filed February 23, 2010); Court Docket No. 19-7. Petitioner has not shown that the State Courts' findings and rulings violated his federal rights. _Evans_, 220 F.3d at 312.

In any event, the issue of whether or not the statements Petitioner is contesting were properly admitted in to evidence is an issue of state law, and "[i]t is not the province of a federal habeas corpus court to re-examine state-court determinations on state-law questions." _Estelle v. McGuire_, 502 U.S. 62, 67-68 (1991)["federal habeas corpus relief does not lie for errors of state law."] Federal courts must accord states deference in their determinations regarding evidence and procedure; cf _Crane v. Kennedy_, 476 U.S. 683, 690 (1986)["we have never questioned the power of the States to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability, even if the defendant would prefer to see this evidence admitted"]; and even where a state court's admission of evidence was error under state law, it is well-established that "a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." _Smith v. Horn_, 120 F.3d 400, 414 (3d Cir.



29

1997)(citations omitted), cert. denied, 522 U.S. 1109 (1998). As such, admissibility rulings will support the grant of federal habeas relief only when the alleged error infringes on a specific constitutional right or is so prejudicial that it amounts to a denial of due process. Turner, 845 F.2d at 169; Rainer, 914 F.2d at 1072.

Petitioner has established no such violation in this case. See, discussion (Part Two of Ground Four), supra. As previously noted, the State sought to introduce the victim's statements to several people identifying the Petitioner as the shooter on the basis that it was an excited utterance and a dying declaration. Petitioner's trial counsel filed a motion in limine objecting to the testimony and seeking to have it excluded, and after listening *in camera* to the testimony on the issue and considering the relevant law, the trial court denied Petitioner's motion. (R.p. 80). Although Petitioner argues that the statement should not have been admitted as an excited utterance or dying declaration and that it was tainted, the trial court disagreed and ruled the evidence was admissible, and Petitioner has failed to present evidence or argument sufficient to show that the state court's rejection of this claim amounts to a federal violation or resulted in prejudice so as to warrant federal habeas relief. Turner, 845 F.2d at 169 [Admissibility ruling only warrants federal habeas relief where it infringes on a constitutional right or is so prejudicial that it amounts to a denial of due process]; Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to clearly established federal law or based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra; 28 U.S.C. § 2254(e)(1)[Determination of factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

Therefore, this claim is without merit.



### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

June 10, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

