IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
CHARLESTON, SC

2015 JUL -8 P 2:27

| | |
|---|---|
| Travis Parker, | No.9:14-cv-04331-RMG |
| Petitioner, | **ORDER** |
| vs. | |
| L Cartledge, *Warden*, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 33), recommending that Respondent's Motion for Summary Judgment be granted and the habeas petition be dismissed. For the reasons stated below, the Court **ADOPTS** the R & R, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** the habeas petition.

## I. Background

In October of 2007, Petitioner was indicted for murder. (Dkt. No. 19-3 at 68-69). The murder case was tried to a jury in August of 2008. (Dkt. No. 19-1 at 3). In a motion in limine, trial counsel moved to exclude the victim's statement identifying Petitioner as his murderer on three grounds: (1) that the identification was tainted by the police suggesting Petitioner's name; (2) that the statement was not a dying declaration, and (3) that the prejudicial value of the identification outweighed its probative value, given the context of the identification. (Dkt. No. 19-1 at 53-56). After a hearing where the trial court heard testimony, the trial court denied the motion in limine. (Dkt. No. 19-1 at 82). Two other witnesses at trial testified that they were in the car with Petitioner when he shot the victim. (Dkt. No. 19-1 at 111-112, 156-158).

The jury convicted Petitioner of murder, and the trial judge sentenced him to life without parole. (Dkt. No. 19-2 at 235, 243). Petitioner filed an appeal. (Dkt. No. 19-5 at 4). The South Carolina Court of Appeals denied Petitioner's appeal, and remittitur was issued on March 12, 2010. (Dkt. Nos. 19-7, 19-8). Petitioner filed an application for post conviction relief (PCR), raising several ineffective assistance of counsel claims. (Dkt. No. 19-2 at 245-250). The PCR court denied the application in its entirety. (Dkt. No. 19-3 at 60-67). Petitioner appealed the PCR court's order, raising whether trial counsel was ineffective for failing to properly object to and preserve for appeal the inadmissibility of the victim's identification of Petitioner as his murderer. (Dkt. No. 19-10). The South Carolina Supreme Court denied Petitioner's writ of certiorari, and remittitur was issued on October 10, 2014. (Dkt. Nos. 19-12, 19-13).

The instant habeas petition followed raising ineffective assistance of counsel claims and a denial of due process claim. (Dkt. No. 1). The Magistrate Judge recommends granting Repondent's motion for summary judgment and dismissing the petition. (Dkt. No. 33). Petitioner filed objections. (Dkt. No. 35).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made.

*Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### B. Federal Habeas Review

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. Discussion

### A. Procedurally Barred Claims

The Magistrate Judge recommending granting summary judgment as to Grounds Two, Three, and the second part of Ground Four on the basis that these grounds are procedurally defaulted. (Dkt. No. 33 at 13-27). Petitioner has not specifically objected to this finding. (Dkt. No. 35). A review of the record shows that these grounds were not properly raised before the state court, and the Court agrees that the *Martinez*[1] exception does not apply for the reasons stated in the R & R. Therefore, the Court adopts this portion of the R & R, and grants summary judgment as to these claims.

### B. Ineffective Assistance of Counsel Claims

#### 1. Legal Standard

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S.Ct. 770, 788

---

[1] *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

-4-

(2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland'* s deferential standard." *Id.*

### 2. Ground One and Part One of Ground Four

These grounds concern whether trial counsel was ineffective for failing to object to the victim's identification of Petitioner as his murderer. The Magistrate Judge is correct that to the extent Petitioner argues trial counsel failed to raise the issue, the claim is without merit as trial counsel raised the issue in a motion in limine. In his objections, Petitioner concedes this point but states that trial counsel "didn't object in trial which was the only way that I could have raised the Confrontation Clause in my direct appeal." (Dkt. No. 35 at 2). The Magistrate Judge also correctly addressed this issue. To the extent that the trial court "clearly indicated" its ruling on the issue was final, the issue is preserved for appeal, and the claim has no merit. *State v. Atieh*, 725 S.E.2d 730, 733 (Ct. App. 2012).

To the extent that the trial court did not make such an indication, Petitioner has failed to show any prejudice under the second prong of *Strickland*. As the Magistrate Judge noted, the evidence at trial did not differ substantially from the evidence in the pre-trial hearing, and there is no indication that the trial judge's decision would have differed had trial counsel objected during trial. Furthermore, given the testimony of other eye witnesses that they were with Petitioner when he shot the victim, Petitioner has not shown that, had the evidence been excluded, the outcome of his trial would have been different. Therefore, the Court adopts this portion of the R & R and grants summary judgment on these grounds.

### 3. Ground Six

In Ground Six, Petitioner claims that his PCR counsel was ineffective. The Magistrate Judge found that while ineffective PCR counsel can excuse default of another claim, it is not itself an independent ground for habeas relief. (Dtk. No. 33 at 28). Petitioner has not specifically objected to this finding (Dkt. No. 35), and the Court agrees. *See* 18 U.S.C. § 2254(i). Therefore, the Court adopts this portion of the R & R and grants summary judgment on this ground.

## C. Due Process Claim - Ground Five

Finally, Petitioner claims that the admission of the victim's statements at trial made his trial fundamentally unfair and violated his due process rights. Many of Petitioner's objections concern his claim that this evidence was hearsay. (*See* Dkt. No. 35). However, the Court agrees with the Magistrate Judge that violations of state evidentiary rules are not normally cognizable on habeas review. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Habeas relief is only proper "when a state court's evidentiary ruling infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." *Turner v. Armontrout*, 845 F.2d 165, 169 (8th Cir. 1988) The Court also agrees that Petitioner has failed make such a showing here. Therefore, the Court adopts this portion of the R & R and grants Respondent's motion for summary judgment on this ground.

//

//

//

## IV. Conclusion

The Court **ADOPTS** the R & R, (Dkt. No. 33), as an order of this Court. Therefore, the Court **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 18), and **DISMISSES** the habeas petition.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

July 8, 2015
Charleston, South Carolina